**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-60562
(Summary Calender)

ANTONIO RODRIGUEZ,

Petitioner,

v.

JOHN ASHCROFT, U. S. Attorney General,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals

May 18, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:

Petitioner Antonio Rodriguez petitions for review of an order of the Board of Immigration Appeals ("BIA" or "the Board") denying his motion to reopen his application for suspension of deportation. The Board concluded that Rodriguez had failed to adduce sufficient new evidence to convince it to reverse its denial of his application for suspension of deportation, which denial was grounded on the Board's determination that Rodriguez had failed to establish the requisite "extreme hardship" element of INA § 244. Because Congress has explicitly precluded us from reviewing such discretionary decisions, we dismiss Rodriguez's appeal.

## I. *Facts and Proceedings*

Deportation proceedings were initiated against Rodriguez, charging that he was deportable pursuant to then-Section 241(a)(1)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1251(a)(1)(A), because he had procured his entry visa by willfully misrepresenting a material fact in violation of INA § 212(a)(19), 8 U.S.C. § 1182(a)(19), and was excludable at entry. Specifically, the Board found that Rodriguez had willfully misrepresented his marital status and his U. S. address (and that of his purported U.S. citizen-spouse), thereby falsely securing a visa as an immediate relative of a United States citizen. An Immigration Judge ("IJ") found Rodriguez deportable as charged and denied his application for suspension of deportation pursuant to then-section 244 of the INA, 8 U.S.C. § 1254. The IJ concluded that Rodriguez had failed to establish that he would suffer "extreme hardship" should he be forced to leave this country and return to his native Mexico. The IJ did, however, grant Rodriguez's request for voluntary departure.

On appeal the BIA affirmed the IJ's decision. Rodriguez did not appeal the Board's decision at that juncture, but instead filed a motion asking the Board to reconsider its decision denying his application for suspension of deportation in light of new evidence. The Board treated that motion as a motion to reopen and concluded that the evidence proffered as new — Rodriguez's purchase of a

2

home —— was insufficient to change its decision.  Rodriguez timely appealed that Board decision.

## II. *Analysis*

### A. Standard of Review

We review a denial of a motion to reopen under a "highly deferential abuse of discretion standard."[1]  Before the Illegal Immigration and Immigrant Responsibility Act ("IIRIRA"), we reviewed for abuse of discretion the BIA's denial of an application for suspension of deportation on the ground that the alien has failed to establish the requisite element of "extreme hardship"[2] but our review of such questions has been abolished, as explained in greater detail below.

### B. Discussion

In his petition for review, Rodriguez raises two claims: Whether the Board abused its discretion in affirming the IJ's conclusions that Rodriguez (1) willfully misrepresented a material fact to gain entry into the United States (the "willful misrepresentation" claim) and (2) failed to establish that he would suffer "extreme hardship" if deported (the "extreme hardship" claim).

Assuming without granting that, because the motion to reopen

---

[1] Lara v. Trominski, 216 F.3d 487, 496 (5th Cir. 2000).

[2] Ramos v. INS, 695 F.2d 181, 184 (1983).

was filed with the Board within the 30-day window of appealability[3] and addressed the extreme hardship issue —— one issue underlying the Board's initial decision —— Rodriguez's timely appeal of the denial of his motion to reopen carries the substance of the extreme hardship issue in its entirety.[4] Petitioner essentially concedes, however, that because he did not address the willful misrepresentation issue in his motion to reopen and had not timely appealed the Board's initial decision (which did address that issue), we may not here consider that claim.

Congress has expressly precluded our consideration of the merits of Rodriguez's claim that the BIA abused its discretion in denying his application for suspension of deportation pursuant to INA § 244 for his failure to establish that he would suffer extreme hardship if deported to his native Mexico. IIRIRA § 309(c)(4)(E) provides, in pertinent part, that "there shall be no appeal of any discretionary decision under [INA] section . . . 244." We have previously held that denials of applications for suspension of

---

[3] Section 309(c)(4)(C) of the Illegal Immigration and Immigrant Responsibility Act ("IIRIRA") provides that a petition for review of a final order of exclusion or deportation entered after October 30, 1996 but before April 1, 1997 must be filed no more than 30 days after that order is entered. The filing with the Board of a motion to reopen does not toll the running of this 30-day period. Stone v. INS, 514 U.S. 386, 405-06 (1995).

[4] Respondent contends that, at best, Rodriguez preserved for appeal the limited issue whether the Board abused its discretion in denying his motion to reopen on the ground that the new evidence proffered was unlikely to affect its denial of his application for suspension of deportation.

4

deportation "based on the [INA] § 244 element of 'extreme hardship' are discretionary decisions, which IIRIRA § 309(c) precludes us from reviewing."[5]

This provision not only interdicts our consideration of the Board's initial denial of Rodriguez's application for suspension of deportation but also his motion to reopen. Congress has divested us of jurisdiction to review a denial of a motion to reopen when, as here, the Board, in reaching that decision, addressed the "merits of an alien's request for relief pursuant to" a provision of the INA established as discretionary by § 309(c)(4)(E).[6] Despite Petitioner's contention to the contrary, this conclusion is consistent with the Ninth Circuit's holding in Arrozal v. INS[7] that § 309(c)(4)(E) did not preclude review of a motion to reopen. We see that case as clearly distinguishable because the merits of the denial of the motion to reopen did not involve a decision by the Board involving any of the discretionary provisions set forth in § 309(c)(4)(E); rather, it involved a deportation order under INA § 241(a)(2). It is axiomatic that if we are divested of jurisdiction

---

[5] Moosa v. INS, 171 F.3d 994, 1012 (5th Cir. 1999).

[6] Stewart v. INS, 181 F.3d 587, 595 (4th Cir. 1999). Unlike the instant situation, the denial of the motion to reopen appealed in Stewart involved a decision pursuant to INA § 242B(e)(2)(A), not one of the listed discretionary provisions in § 309(c)(4)(E). The Fourth Circuit held that because that decision was not a discretionary one, the court was not precluded from reviewing the Board's denial of the alien's motion to reopen.

[7] 159 F.3d 429 (9th Cir. 1998).

to review an original determination by the Board that an alien has failed to establish that he would suffer extreme hardship if deported, we must also be divested of jurisdiction to review the Board's denial of a motion to reopen on the ground that the alien has still failed to establish such hardship.  To hold otherwise would create a loophole that would thwart the clear intent of Congress that the courts not review the discretionary decisions of the BIA.

### III. *Conclusion*

At most, Rodriguez preserved only his claim that the Board abused its discretion in denying his application for suspension of deportation on grounds of extreme hardship.  As we are expressly denied jurisdiction to hear that claim, we are constrained to deny Rodriguez's petition for review of the Board's denial of his motion to reopen grounded in the same contention of hardship.

Petition for Review DISMISSED.