**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 23, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60574
Summary Calendar

_____

BIPINKUMAR A. PATEL; HINABEN BIPINKUMAR PATEL,

Petitioners,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A93-069-334
BIA No. A93-069-335
--------------------

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Bipinkumar Ambala Patel and Hinaben Bipinkumar Patel petition

this court for review of the Board of Immigration Appeals' ("BIA")

decision affirming the Immigration Judge's ("IJ") order denying the

Patels' application for cancellation of removal pursuant to 8

U.S.C. § 1229b(b)(1), as well as their request for voluntary

departure. The Patels argue that the IJ denied their due process

rights when she did not permit them to introduce into evidence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

documents that would have shown their continuous presence in the United States and that their children will suffer if they are removed.

This court lacks jurisdiction to review the merits of the Patels' petition for review because any argument by the Patels that their children will suffer extreme hardship if they are removed is subject to the discretion of the Attorney General. 8 U.S.C. §§ 1229b(b) and 1252(a)(2)(B); Rodriquez v. Ashcroft, 253 F.3d 797, 799 (5th Cir. 2001); Moosa v. INS, 171 F.3d 994, 1012-13 (5th Cir. 1999).

Notwithstanding the court's lack of jurisdiction to review the merits of the instant petition, the court retains jurisdiction to review the Patels' due process argument. Balogun v. Ashcroft, 270 F.3d 274, 277-78 & 278 n.11 (5th Cir. 2001); Gonzalez-Torres v. INS, 213 F.3d 899, 901 (5th Cir. 2000)(citing Kalaw v. INS, 133 F.3d 1147, 1151 (9th Cir. 1997)). However, inasmuch as the omitted documents do not establish their continual presence in the United States, the Patels fail to carry their burden of establishing prejudice by the purported error. Anwar v. INS, 116 F.3d 140, 144 (5th Cir. 1997).

The petition to review is DENIED.