United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 4, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-60377
Summary Calendar

_____

NERISA FOSTER WILLIAMS,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A75 886 984

_____

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Nerisa Foster Williams, a native and citizen of Jamaica, petitions for review of the Board of Immigration Appeals' order denying her motion to reopen her removal proceedings. Williams also challenges the underlying final order of removal.

"We review a denial of a motion to reopen under a 'highly deferential abuse of discretion standard.'"[1] In her motion to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] _See Rodriguez v. Ashcroft_, 253 F.3d 797, 799 (5th Cir. 2001) (quoting _Lara v. Trominski_, 216 F.3d 487, 496 (5th Cir. 2000)).

reopen, Williams claimed that she could present new facts demonstrating that she was entitled to adjustment of status to permanent residence. Specifically, she argued that the district court had refused to admit as evidence a waiver to the two-year foreign residency requirement of her visa. The BIA did not reach the merits of Williams' motion, finding that she was ineligible for discretionary relief because she had remained in the United States after her voluntary departure period had expired.[2]

Williams urges that she should not be penalized for failing to depart within the time allowed by the BIA's grant of voluntary departure because she was prohibited from doing so due to exceptional circumstances. Prior to the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act, "exceptional circumstances" were a statutory justification for failing to depart during the specified time period. This justification was eliminated, however, with the passage of the IIRIRA.[3] Thus, because Williams' deportation proceedings commenced after the effective date of the IIRIRA, the exceptional circumstances justification is not available to her.

Williams also contends that by filing her motion to reopen two days before her voluntary departure period expired, the period was

[2] *See* 8 U.S.C. § 1229c(d).

[3] *Compare* 8 U.S.C. § 1229c(d) (West 1999 & 2004 Supp.) *with* 8 U.S.C. § 1252b(e)(2)(A) (repealed 1996).

tolled.  We find no authority for this proposition.[4]  Further, it was not raised before the BIA, and cannot be considered by our court in the first instance.[5]

With respect to her challenge to the BIA's removal order, we note that Williams did not file her notice of appeal until over three months after the BIA ruled.  Because Williams did not file a timely petition for review of the BIA's final removal order, we lack jurisdiction to consider any challenges to that order.[6]

PETITION FOR REVIEW DENIED.

---

[4] The only relevant authority cited on this point is *In re Shaar*, 21 I&N Dec. 541, 544 (BIA 1996), in which the BIA held that the filing of a motion to reopen during the pendency of a period of voluntary departure to apply for suspension of deportation did not come within the definition of an "exceptional circumstance."  This decision clearly cuts against Williams' argument.

[5] *See Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001).  Further, we note that Williams alleges as grounds for reopening her case the IJ's failure to admit as evidence her waiver of the two-year foreign residency requirement.  The record indicates, however, that the waiver was admitted into evidence by the IJ. Consequently, her motion to reopen could properly have been denied on its merits.

[6] *See* 8 U.S.C. § 1252(b)(1); *Karimian-Kaklaki v. INS*, 997 F.2d 108, 111 (5th Cir. 1993) ("A timely petition for review is a jurisdictional requirement, and the lack thereof deprives this Court of authority to review final orders of deportation.").

3