United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 9, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60540
Summary Calendar

ANGELIKA PANOVA-BOHANNAN,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A77-802-997

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Angelika Panova-Bohannan, a native and citizen of Uzbekistan, has petitioned this Court for review of the order of the Board of Immigration Appeals denying her untimely motion to reopen removal proceedings. The motion was filed on January 29, 2004, more than one year after the expiration of the ninety-day limitation period,[1]

---

[*] Pursuant to the 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 8 U.S.C. § 1229a(c)(7)(C)(i) states, in pertinent part:

...the motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal.

The BIA issued its final decision on October 17, 2002.

and Panova does not show that any other limitation period applies. Therefore, Panova failed to exhaust her administrative remedies, and this Court has no jurisdiction to review the BIA's denial of Panova's untimely motion to reopen her case because there is no "meaningful standard against which to review" the decision not to reopen.[2]

However, jurisdiction over the BIA's denial of a timely motion to reopen removal proceedings is proper.[3] Panova contends that her motion to reopen should be deemed timely under the doctrine of equitable tolling, due to the exceptional circumstance created by the ineffective assistance of her former counsel.[4] We review the BIA's decisions regarding a timely motion to reopen removal proceedings for an abuse of discretion.[5] Assuming, without deciding, the applicability of equitable tolling to the limitation

---

[2]  *See Enriquez-Alvarado v. Aschcroft*, 371 F.3d 246, 249 (5th Cir. 2004) (quoting *Heckler v. Chaney*, 470 U.S. 821, 830 (1985)).  "A denial of an untimely motion to reopen has the same legal effect as a failure to exercise *sua sponte* authority to reopen a case."  *Id*. at n. 3.

[3]  *Id*. at 249.

[4]  Although equitable tolling is a "discretionary doctrine that turns on the facts and circumstances of a particular case," we ordinarily "draw on general principles to guide when equitable tolling is appropriate." *Fierro v. Cockrell*, 294 F.3d 674 (5th Cir. 2002) (quoting *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)).  Equitable tolling is not invoked by "garden variety claim of excusable neglect." *Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89, 96 (1990), *cited in*, *Rashidi v. American President Lines*, 96 F.3d 124 (5th Cir. 1996). Thus, equitable tolling will be warranted only in "rare and exceptional circumstances."  *U.S. v. English*, 400 F.3d 273, 275 (5th Cir. 2005).

[5]  *Efe v. Ashcroft*, 293 F.3d 899, 904 (5th Cir. 2002). A district court's decision to invoke equitable tolling, as applied in *habeas* cases, is also reviewed for abuse of discretion.  *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000).

period at issue in this case,[6] we conclude that Panova would not be entitled to relief. The application of equitable tolling requires due diligence during the interstitial period after the passing of the deadline,[7] and we cannot conclude that the BIA abused its discretion both in finding that Panova had failed to act with due diligence to protect her rights and, consequently, in denying her motion to reopen the removal proceedings.

Even if the doctrine of equitable tolling were applied in this instance, Panova's argument fails on the substantive inquiry into due diligence. Panova filed her motion to reopen, by new counsel, 469 days after the final administrative order. Panova contends, however, that she did not have a cognizable exceptional circumstance that would warrant equitable tolling and reopening the removal proceeding until after this Court decided her first appeal, brought by former counsel on September 11, 2003.[8] Agreeing that

---

[6] There is discord among the circuits, as to equitable tolling of statutory deadlines for ineffective assistance of counsel in immigration cases. *Compare Iavorski v. INS*, 232 F.3d 124 (2d Cir. 2000) (holding "that the filing deadline for motions to reopen may be equitably tolled," but petitioner did not exercise due diligence in pursuing his claim)*, Borges v. Gonzales*, 402 F.3d 398, 406 (3d Cir. 2005) (holding that the 180-day limitation for reopening *in absentia* order of removal could be tolled due to counsel's fraud), *Lopez v. INS*, 184 F.3d 1097, 1100 (9th Cir. 1999) (finding that the 180-day filing deadline provided in 8 U.S.C. § 1229a(b)(5)(c)(i) is subject to equitable tolling), and *Riley v. INS*, 310 F.3d 1253, 1258 (10th Cir. 2002) *with Anin v. Reno*, 188 F.3d 1273, 1278 (11th Cir. 1999) (finding that the 180-day statute of limitations provided in 8 U.S.C.§ 1229a(b)(5)(c)(i)is jurisdictional and mandatory) and *Torres v. INS*, 144 F.3d 472, 475 (7th Cir. 1998) (stating that "the judge-made doctrines of...and tolling are not applied to deadlines for taking appeals...").

[7] *See Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984) (requiring diligence for invocation of equitable tolling).

[8] In Panova's first appeal, she asserted that the IJ erred in denying her motion to terminate the removal proceedings in order to allow her to apply for an adjustment of status. This Court denied her petition for review, stating that the IJ did not have the authority to terminate the removal proceedings on the

the deadline was not tolled due to the pendency of the appeal, Panova argues that she acted diligently from the time that she became aware of the alleged exceptional circumstances until the time that she filed the motion to reopen–a span of 140 days.[9] Therefore, she argues that equitable tolling is appropriate, as she exercised due diligence once the alleged ineffective assistance of counsel became apparent.

In response to this argument, the BIA, even considering the lesser four-month filing delay, still concluded that Panova "did not adequately explain why it took more than 4 months after the court dismissed her case to file the pending motion."[10] The record does not demonstrate that the BIA abused its discretion in denying Panova's motion to reopen the removal proceedings, for lack of due diligence.

The petition for review is DENIED.

---

requested grounds. 74 Fed. Appx. 424 (5th Cir. 2003).

[9] Panova's equitable tolling claim is premised on allegations of ineffective assistance of counsel. Ineffective assistance of counsel can lead to a due process violation in a removal proceeding. *Goonswan v. Ashcroft*, 252 F.3d 383, 385 n.2 (5th Cir. 2001). Such an assertion requires a showing of prejudice. *Strickland v. Washington*, 466 U.S. 668 (1984); *see also Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985) (stating that conclusory allegations of prejudice present no cognizable claim of ineffective assistance of counsel). Panova asserts that her prior attorney did not file a motion to reopen, neglected to file a status adjustment, an I-485 form, which would have demonstrated that she was remarried to a U.S. citizen and entitled to permanent resident status, and also failed to file a cancellation of removal based on the physical abuse allegedly suffered at the hands of her former husband (8 U.S.C. §1229b(b)(2)). We need not decide whether such omissions were prejudicial and, therefore, do not decide whether such omissions constitute the exceptional circumstances of equitable tolling.

[10] Panova asserts common difficulties of litigation: that she had difficulty procuring her file from her former attorney, that she needed time to retain new counsel, and that the new attorney needed time to fulfill the requirements-enumerated in *Matter of Lozada*-for alleging ineffective assistance of counsel. 19 I. & N. Dec. 637 (B.I.A. 1988).