United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 16, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60678
Summary Calendar

_____

EPUZA KAKUNGU MUKADI,

Petitioner,

versus

JOHN D. ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95-886-890

_____

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Epuza Kakungu Mukadi petitions for review of the Board of
Immigration Appeals' ("BIA's") affirmance, without opinion, of an
Immigration Judge's ("IJ's") denial of her motion to reopen and
reconsider her removal proceedings. Finding no abuse of
discretion, we DENY the petition.

Mukadi is a citizen and national of the Democratic
Republic of Congo ("DRC"). After spending more than four years in
Japan, she illegally entered the United States with three of her

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

1

children. The INS commenced removal proceedings against her in August 2002. On August 12, 2003, an IJ denied Mukadi's request for relief from removal and ordered her removal to the DRC. In denying relief from removal, the IJ found that Mukadi's asylum application was frivolous. Mukadi did not appeal her case to the BIA.

On October 8, 2003, Mukadi filed a motion to reopen her case before the IJ. Mukadi conceded that her original asylum application was frivolous, and asked the judge to either reopen her case so that she could file a new application, or join her case with that of her husband, who had a separate asylum application before the court.

In an opinion dated October 20, 2003, the IJ denied Mukadi's motion to reopen, noting that she had previously filed a frivolous application, "an elaborate fraud complete with fraudulent supporting documents," claiming that she was the victim of atrocities in the DRC, when in fact she was residing in Japan. (R. 37-38.) Mukadi's explanations for her frivolous filing — that she received bad advice and lacked common sense — were rejected by the IJ, who cited Mukadi's age at the time her original asylum application was filed (thirty-seven), the elaborate nature of the fraud perpetrated against the INS, and the fact that she had lived in Japan for over four years prior to arriving in the United States, as reasons why her motion should be denied. The BIA affirmed without opinion on July 29, 2004.

This court has jurisdiction over Mukadi's petition pursuant to 8 U.S.C. § 1252(a)(1). Although this court generally reviews BIA, not IJ, decisions, we may review an IJ's decision when, as here, the BIA affirms without opinion. Thuri v. Ashcroft, 380 F.3d 788, 791 (5th Cir. 2004). Regardless, motions to reopen are disfavored, Lara v. Trominski, 216 F.3d 487, 496 (5th Cir. 2000), and this court reviews a denial of a motion to reopen or reconsider under a highly deferential abuse of discretion standard. Zhao v. Gonzales, 404 F.3d 295, 303 (5th Cir. 2005). Under the abuse of discretion standard, this court will let a decision stand "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." Osuchukwu v. INS, 744 F.3d 1136, 1141–42 (5th Cir. 1984).

Looking to the record, there is ample factual and legal support for the IJ's decision. Mukadi concedes that she filed a fraudulent asylum application that included fraudulent supporting documents, and there was evidence on the record that belied her claims of ignorance. Based on this evidence alone, the IJ was within his discretion in denying Mukadi's motion. Moreover, 8 U.S.C. § 1158(d)(6) makes clear that where "the Attorney General determines that an alien has knowingly made a frivolous application for asylum . . . the alien shall be permanently ineligible for any benefits under [the INA], effective as of the date of a final

3

determination on such application." See Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir. 2002) (stating same with regard to asylum proceeding). Such is the case here: Mukadi did not appeal the IJ's original determination that her asylum application was frivolous, nor does she contest the validity of such a determination. Instead, she offers only excuses for her behavior. Under 8 U.S.C. § 1158(d)(6), Mukadi was legally barred from submitting a second asylum application. Thus, this case falls far short of the standard laid out in Osuchukwu; indeed, it is clear that the IJ was within his discretion in denying Mukadi's motion to reopen, and the BIA did not err in affirming that decision.

The petition for review is **DENIED**.