United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 22, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-60266
Summary Calendar
_____

THOMAS OKPOJU AMALI,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A74 699 170
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

       Thomas Okpoju Amali has filed a petition for review of a
decision of the Board of Immigration Appeals (BIA) denying his
untimely motion to reopen his immigration proceedings.  Amali
argues that the BIA should have held that the 90-day period was
equitably tolled because he had new evidence that was not
available during the previous proceedings, the approval of an
I-130 relative immigrant visa petition filed by his wife, Almetta
Russel Amali, who is a United States citizen.  Amali has not
shown that his case involves rare and exceptional circumstances

_____

       [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

warranting equitable tolling.  See Liu v. Gonzales, 166 F. App'x 159, 160 (5th Cir. 2006); Torabi v. Gonzales, 165 F. App'x 326, 329 (5th Cir. 2006).  However, even if Amali were entitled to equitable tolling, Amali would not have been entitled to adjustment of status relief based on the approval of his wife's I-130 application because the Immigration Judge found that Amali's prior asylum application was frivolous and, therefore, Amali was not eligible for adjustment of status under 8 U.S.C. § 1158(d)(6).  See Mukadi v. Ashcroft, 163 F. App'x 303, 305 (5th Cir. 2006).

Amali argues that the BIA violated his due process rights by refusing to equitably toll the 90-day period.  Because the decision to grant or deny a motion to reopen is discretionary and the denial of discretionary relief does not amount to a deprivation of a liberty interest, Amali cannot establish a due process violation.  See Altamirano-Lopez v. Gonzales, 435 F.3d 547, 550 (5th Cir. 2006).  Because Amali does not allege that a statutory or regulatory exception applies and because he has not shown that he is entitled to equitable tolling, we lack jurisdiction to review the BIA's denial of the motion to reopen as there is no "'meaningful standard against which to review'" such a decision.  See Panova-Bohannan v. Gonzales, 157 F. App'x 706, 707 & n.2 (5th Cir. 2005); see also Liu v. Gonzales, 166 F. App'x 159, 160 (5th Cir. 2006).

Amali also argues that the BIA should have exercised its sua sponte authority to reopen the case based on exceptional circumstances.  This court lacks jurisdiction to consider whether Amali has shown exceptional circumstances that would warrant the BIA's sua sponte reopening of his removal proceedings.  See Enriquez-Alvarado v. Ashcroft, 371 F.3d 246, 249 (5th Cir. 2004).

PETITION DISMISSED.