United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 06-60108
c/w No. 06-60402
Summary Calendar

———————————————

MICHAEL ARIWODO,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A29 400 627
--------------------

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Michael Ariwodo, a native and citizen of Nigeria, entered the United States on a student visa in 1985 and remained beyond its expiration. He has five children, including three daughters more than 18 years old and two sons.

PROCEDURAL BACKGROUND

Ariwodo was charged by the Immigration and Naturalization Service (INS) with removability in 1997. At his hearing before the immigration judge (IJ) on July 17, 1998, Ariwodo conceded

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that he was removable but sought cancellation of removal under 8 U.S.C. § 1229b(b)(1). Ariwodo did not seek asylum or Convention Against Torture (CAT) protection at that time.

The IJ found Ariwodo removable but granted his request for cancellation of removal under § 1229b(b)(1), reasoning that if he were removed Ariwodo might take his then-minor daughters with him to Nigeria where they might be subjected to female genital mutilation (FGM). INS appealed, and on July 12, 2002, the Board of Immigration Appeals (BIA) sided with the INS, vacating the order of the IJ, and ordering Ariwodo removed to Nigeria. The BIA reasoned that the possible hardship to Ariwodo's daughters was speculative given that their mother had full permanent custody of the girls and that Ariwodo stated that he would not take his daughters to Nigeria.

Ariwodo petitioned this court, through counsel, for review of the BIA's decision, but the case was dismissed for want of prosecution. Ariwodo remained in the United States beyond his BIA-ordered date of voluntary departure, was arrested by the Department of Homeland Security (DHS), and has remained in DHS custody.

On May 18, 2004, Ariwodo moved the BIA to reopen his case based on the immigrant visa that recently became available to him in virtue of his wife's naturalization. On July 8, 2004, the BIA denied the motion to reopen as untimely. On August 30, 2004, Ariwodo filed a motion with the BIA urging it to reconsider its

July 8, 2004 denial of his motion to reopen. The BIA rejected this filing as untimely as well on September 12, 2004.

Ariwodo also filed two more petitions for review with this court in 2004, both of which were dismissed. On September 8, 2005, Ariwodo filed another motion to reopen with the BIA, but on January 23, 2006, the BIA denied the motion. Meanwhile, Ariwodo filed a 28 U.S.C. § 2241 habeas petition in federal district court, but the court denied his request for relief.

Two petitions for review of BIA decisions regarding Ariwodo are consolidated here. Ariwodo timely filed one petition for review with this court under docket No. 06-60108 as a challenge the BIA's January 23, 2006 denial of his motion to reopen filed on September 8, 2005. The other petition for review, now under docket No. 06-60402, was originally filed in this court under docket No. 05-20928 as a timely appeal from the district court's denial of Ariwodo's § 2241 habeas petition. Because the Real ID Act "divest[ed] the district courts of jurisdiction over the habeas petitions of aliens" challenging their orders of removal, Andrade v. Gonzales, 459 F.3d 538, 542 (5th Cir. 2006), cert. denied, 127 S. Ct. 973 (2007), this court partially converted Ariwodo's appealed § 2241 habeas petition into a petition for review. Ariwodo then filed a consolidated brief that incorporated his arguments raised in his § 2241 habeas petition and brief.

DISCUSSION

Ariwodo's petitions raised objections to the BIA's July 12, 2002 reversal of the IJ's grant of the discretionary cancellation of removal under 8 U.S.C. § 1229b(b). The Government correctly argues that this court lacks jurisdiction to review the BIA's denial of such discretionary relief. Congress has specifically insulated decisions regarding the granting of relief under § 1229b from judicial review, 8 U.S.C. § 1252(a)(2)(B)(i), and this court has interpreted this jurisdiction-stripping statute to extend to BIA refusals to repoen based on the same grounds. Rodriquez v. Ashcroft, 253 F.3d 797, 799-800 (5th Cir. 2001). However, this court generally has jurisdiction to review the BIA's determination that Ariwodo is statutorily ineligible for such relief. § 1252(a)(2)(D).

Ariwodo claims that the treatment of his visa petition and application for adjustment of status by the United States Customs and Immigration Services (USCIS) and the BIA violated his rights. Because this court lacks jurisdiction over the USCIS's handling of I-130 visa petitions, Conti v. INS, 780 F.2d 698, 702 (7th Cir. 1985)), and over the discretionary denial of adjustment of status, § 1252(a)(2)(B)(i); Hadwani v. Gonzales, 445 F.3d 798, 800 (5th Cir. 2006), this court cannot entertain these claims. See also Rodriquez, 253 F.3d at 799-800.

Ariwodo's now-converted habeas petition challenged both the July 8, 2004 denial of his motion to reopen filed on May 18,

2004, and the September 17, 2004 denial of his motion to reconsider filed on August 30, 2004. This court does not have jurisdiction to entertain Ariwodo's claims that the INA was violated and that the BIA was wrong to reverse the IJ's cancellation of removal to the extent that these claims challenge the BIA's denial of § 1229b discretionary relief. § 1252(a)(2)(B)(i). With respect to his claim that the INA was violated, Ariwodo has not identified any provision of the INA that the BIA violated in denying his motions to reopen and reconsider.

Ariwodo's allegations that his due process rights were violated when the BIA denied his May 18, 2004 motion to reopen and his August 30, 2004 motion to reconsider are without merit because he had no constitutionally protected liberty interest in the having his case reopened or reconsidered. See INS v. Doherty, 502 U.S. 314, 323 (1992); Altamirano-Lopez v. Gonzales, 435 F.3d 547, 551 (5th Cir. 2006); 8 C.F.R. § 1003.2(b). Moreover, Ariwodo had no liberty interest in the underlying relief sought in Ariwodo's motions to reopen and reconsider -- adjustment of status and cancellation of removal based on extreme hardship, respectively. Gutierrez-Morales v. Homan, 461 F.3d 605, 609 (5th Cir. 2006); Ahmed v. Gonzales, 447 F.3d 443, 440 (5th Cir. 2006); § 1229b(b)(1)(D).

Ariwodo's claim that the denial of his May 18, 2004 motion to reopen and his August 30, 2004 motion to reconsider violated

the Administrative Procedure Act (APA) is meritless because the APA does not apply to the BIA. Ho Chong Tsao v. INS, 538 F.2d 667, 669 (5th Cir. 1976); see also Marcello v. Bonds, 349 U.S. 302, 310 (1955).

Ariwodo's claims that the BIA abused its discretion in denying his May 18, 2004 motion to reopen and his August 30, 2004 motion to reconsider are meritless. Because Ariwodo submitted his May 18, 2004 motion to reopen after the 90-day deadline and because the exceptions found in § 1003.2(c)(3) to the time and number limitations do not apply in his case, the BIA did not abuse its discretion by denying Ariwodo's motion to reopen as time-barred. § 1003.2(c)(2); see Singh v. Gonzales, 436 F.3d 484, 487 (5th Cir. 2006). There is no exception to the 30-day time limit for filing motions to reconsider. See § 1003.2(b)(2). Ariwodo's motion to reconsider was filed on September 17, 2004 -- more than 30 days after it was due. His claim that the BIA abused its discretion in denying his motion to reconsider is therefore also without merit.

Ariwodo's ineffective assistance claim in his now-converted habeas petition relates to the dismissal of his appeal from the BIA's reversal of the IJ's grant of cancellation of removal under § 1229b and the failure of his attorney to reopen his case. Because cancellation of removal and the grant of a motion to reopen are both forms of discretionary relief, § 1229b;

Altamirano-Lopez, 435 F.3d at 551, Ariwodo cannot establish a due process claim for ineffective assistance of counsel in pursuing that relief. Gutierrez-Morales, 461 F.3d at 609.

Ariwodo's claim that the IJ violated his due process rights by failing to advise him of the possibility that he could be entitled to asylum or protection under the Convention Against Torture (CAT) based on the prospect of his daughters being subjected to FGM upon his removal to Nigeria is dismissed as moot because each of his three daughters is now more than 18 years old and no longer subject to being removed with Ariwodo. See SEC v. Med. Comm. for Human Rights, 404 U.S. 403, 405-07 (1972); Bailey v. Southerland, 821 F.2d 277, 279 (5th Cir. 1987).

Ariwodo argues that his September 8, 2005 motion to reopen was not untimely under § 1003.2(c)(2) because he did not receive notice of the BIA's July 12, 2002 order until late October 2002. However, Ariwodo's motion to reopen was filed nearly three years after he claims to have received notice of the BIA's decision -- well beyond the 90-day deadline even if equitable tolling applied until he received actual notice. In fact, Ariwodo's first motion to reopen was also filed on May 18, 2004 -- also beyond the 90-day deadline even assuming it were tolled. Therefore, the BIA did not abuse its discretion in denying the September 8, 2005 motion to reopen. See Panova-Bohannan v. Gonzales, 157 F. App'x 706, 708-09 (5th Cir. 2005).

Ariwodo also claims that the time and number limitations on motions to reopen do not apply in his case because of the exceptions found in § 1003.2(c)(3). Ariwodo's case does not fall within these exceptions. Ariwodo's removal was not ordered in absentia, see § 1003.2(c)(3)(i), and the September 8, 2005 motion to reopen was not "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered." § 1003.2(c)(3)(ii). Moreover, the evidence regarding FGM that Ariwodo presented with his motion to reopen was available at the time of his removal hearing before the IJ. See § 1003.2(c)(3)(ii) (requiring that evidence be material and previously unavailable).

Ariwodo claims that his attorney's ineffective assistance during his petition for review before this court tolled the 90-day deadline for him to file his motion to reopen. This court has acknowledged a circuit split "as to equitable tolling of statutory deadlines for ineffective assitance of counsel in immigration cases." Panova-Bohannan, 157 F. App'x at 707 n.6. Even if equitable tolling did apply, Ariwodo's September 8, 2005 motion to reopen would still have been filed late -- much more than 90 days after the October 30, 2003 dismissal of that appeal for want of prosecution. See Ariwodo v. Ashcroft, No. 02-60996, slip op. (5th Cir. Oct. 30, 2003). Accordingly, the BIA did not abuse its discretion in rejecting his motion to reopen as untimely. Panova-Bohannan, 157 F. App'x at 708-09.

Neither did the BIA err in refusing to address on the merits some of Ariwodo's other claims in his September 8, 2005 motion to reopen because those claims were procedurally barred.  See § 1003.2(c)(3).

In addition, this court need not address the BIA's finding that Ariwodo was statutorily ineligible for adjustment of status or that he was not entitled to withholding of removal, asylum, and CAT protection, because these claims that the BIA did address on the merits are also procedurally barred.

Ariwodo claims that the BIA exceeded its authority by ordering his removal, but the BIA's removal order was predicated on its reversal of the IJ's decision to grant Ariwodo the discretionary relief of cancellation of removal and gave effect to the IJ's order that Ariwodo was removable.  "Such disposition does not offend the scope of the powers granted to the BIA by either Congress or the Attorney General."  Delgado-Renua v. Gonzales, 450 F.3d 596, 601 (5th Cir. 2006) (internal quotation marks and citation omitted).

Ariwodo's motion for injunctive relief to prevent the Government from continuing to detain him without bond pursuant to 8 U.S.C. § 1226(c) is misplaced and will be denied.  The BIA's entry of a final removal order against him shifted the Attorney General's authority to detain him to 8 U.S.C. § 1231.

Because the Government received an extension of time to file its brief through October 3, 2006, and mailed its brief on that

day, Ariwodo's motion to strike the Government's brief as untimely is denied.  <u>See</u> FED. R. APP. P. 25(a)(2)(B)(i).

CONSOLIDATED PETITIONS FOR REVIEW DISMISSED IN PART AS MOOT AND DENIED IN PART; MOTION FOR INJUNCTIVE RELIEF DENIED; MOTION TO STRIKE DENIED.