# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-60057
Summary Calendar

PAULINA NZAU NSIBU

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A94 011 074

Before REAVLEY, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Paulina Nzau Nsibu, a native and citizen of Angola, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's denial of her application for cancellation of removal under 8 U.S.C. § 1229b.  Because cancellation of removal is governed by § 1229b, the jurisdictional bar of 8 U.S.C. § 1252(a)(2)(B)(i) applies in the instant case.  This court lacks jurisdiction to review the Attorney General's discretionary decision

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

regarding cancellation of removal. See Rueda v. Ashcroft, 380 F.3d 831, 831 (5th Cir. 2004); § 1229b(b); § 1252(a)(2)(B)(i). Although Nsibu contends that she has presented legal arguments not subject to the jurisdiction-stripping provision of § 1252(a)(2)(B)(i), this court need not consider her arguments because they essentially challenge the basis for the discretionary denial of her claim for cancellation of removal. See Delgado-Reynua v. Gonzales, 450 F.3d 596, 600 (5th Cir. 2006).

Nsibu additionally petitions for review of the order of the BIA denying her motion to reopen removal proceedings. However, the sole issue presented in Nsibu's motion to reopen was whether new evidence altered the prior, underlying determination that Nsibu was not entitled to cancellation of removal. Because this court does not have jurisdiction over the underlying discretionary issue, we also do not have jurisdiction over the appeal of the decision to deny the motion to reopen. See Rodriguez v. Ashcroft, 253 F.3d 797, 800 (5th Cir. 2001). Nsibu's contention that her petition presents constitutional and legal arguments over which this court has jurisdiction pursuant to § 1252(a)(2)(D) is unavailing. See Falek v, Gonzales, 475 F.3d 285, 289 n.2 (5th Cir. 2007).

Accordingly, the petitions for review are DISMISSED.