# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 20, 2008

Charles R. Fulbruge III
Clerk

No. 07-60808
Summary Calendar

CESAR LUCIO

Petitioner

v.

MICHAEL B. MUKASEY, U.S. ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A90453823

Before REAVLEY, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Cesar Lucio, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals (BIA) denying his motion to reconsider and reopen the denial of his application for cancellation of removal under 8 U.S.C. § 1229b(a). The case has a long history, and we previously remanded it for reconsideration in light of Lopez v. Gonzales, 127 S. Ct. 625 (2006). The BIA determined on remand that the Immigration Judge (the "IJ") correctly determined in his original decision that Lucio's prior conviction for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

possession of marijuana was not an aggravated felony and that the IJ denied Lucio's application for cancellation of removal as a matter of discretion. The issue before us now is whether we have jurisdiction to review the decision by the BIA.[1]

This is not the first time we have confronted a question about our jurisdiction to review the BIA's refusal to reconsider, or reopen and remand, a case. We have previously said that "where a final order of removal is shielded from judicial review by a provision of § 1252(a)(2), so, too, is the BIA's refusal to reopen that order." Assaad v. Ashcroft, 378 F.3d 471, 474 (5th Cir. 2004) (internal quotation marks omitted). "It is axiomatic that if we are divested of jurisdiction to review an original determination by the [BIA]" on a matter within its discretion, "we must also be divested of jurisdiction to review the [BIA's] denial of a motion to reopen" that rests solely on a matter within its discretion. Rodriguez v. Ashcroft, 253 F.3d 797, 800 (5th Cir. 2001). Thus, in order to determine whether we possess jurisdiction to review Lucio's motion to reopen and remand, it is necessary to determine whether we have jurisdiction to review the underlying decision of the BIA.

We have already determined that this court lacks jurisdiction to review a discretionary decision regarding cancellation of removal under 8 U.S.C. § 1229b(b)(1).[2] See Rueda v. Ashcroft, 380 F.3d 831, 831 (5th Cir. 2004); 8 U.S.C.

---

[1] Lucio urges us to view this case through the lens of our remand in light of Lopez. The argument is good as far as it goes—if there were any issue in this appeal as to the BIA's interpretation of Lopez, we would have jurisdiction. But the BIA's interpretation of Lopez does not aggrieve Lucio in the sense that we require for appellate standing. The BIA has now determined that Lucio is eligible for cancellation of removal, as the IJ did initially. The legal question that permitted us to hear Lucio's first appeal, whether he had statutory eligibility for cancellation of removal, is no longer present. The IJ made the correct determination initially, and the BIA's error, affirming the IJ on an alternative, and incorrect, ground, was remedied by its reconsideration after our remand. Instead, Lucio is aggrieved by the BIA's affirmance of the IJ's discretionary decision not to cancel removal. The issue before us, therefore, is one of discretion, not statutory eligibility.

[2] That is, of course, unless we are presented with a question of law or a constitutional issue. See 8 U.S.C. § 1252(a)(2)(D) (Supp. V 2005).

§ 1252(a)(2)(B)(i). But we have not, in a published opinion,[3] grappled with the precise issue at hand, whether the jurisdictional bar of § 1252(a)(2)(B)(i) also applies to discretionary decisions regarding cancellation of removal under 8 U.S.C. § 1229b(a). There is not, however, any principled reason, on the arguments before us, to treat discretionary decisions under § 1229b(b)(1) and § 1229b(a) differently.[4] Section 1252(a)(2)(B)(i) provides that "no court shall have jurisdiction to review any judgment regarding the granting of relief under section . . . 1229b . . . of this title." We do not see a parsing of that language, which on its face does not distinguish between subsections of § 1229b, that admits a different result for § 1229(b)(a) than we have already reached for § 1229(b)(b)(1).

Accordingly, because we do not have jurisdiction over the underlying discretionary issue, we also do not have jurisdiction over the appeal of the instant decision to deny the motion to reconsider or reopen and remand. See Rodriguez, 253 F.3d at 800. But as in Assaad, we do not today attempt to "resolve the thorny question whether § 1252(a)(2)(B)(ii) precludes judicial review of all motions to reopen." The petition for review is DISMISSED.

---

[3] We did address the issue in Mancha-Chairez v. Reno, No. 99-60157, 2000 WL 992442, at *2 (5th Cir. 2000) (per curiam), an unpublished opinion.

[4] Though not briefed in the case before us, and so we do not reach the issue, we have previously noted that there is an argument that the language "any judgment regarding the granting of relief," in § 1252(a)(2)(B)(i) strips only our jurisdiction over judgments that grant relief. We did reject that argument in Mancha-Chairez, but that is not a precedential resolution of the issue under 5TH CIR. R. 47.5.4.