# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 25, 2013

No. 12-60641
Summary Calendar

Lyle W. Cayce
Clerk

FELIX CARRILLO,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A076 833 874

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Felix Carrillo, a native and citizen of Mexico, entered the United States illegally in 1991. He was charged with removal in 2003. Eventually, Carrillo conceded he was removable as charged. He then filed an application for cancellation of removal under 8 U.S.C. § 1229b, asserting that his removal would cause exceptional and extremely unusual hardship.

At his 2010 removal hearing, Carrillo testified: that he had three young children, each of whom was a United States citizen; that he was earning $1,700

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

per week; that he owned residential and commercial properties in the United States; that if he were removed to Mexico, he would bring his children; that, although he would be able to find a job in Mexico, he would earn less; that this reduction in income would inflict hardship on his children; and that his children would also receive a worse education in Mexico.

The immigration judge ("IJ") denied Carrillo's application for cancellation of removal. The IJ found Carrillo to be "credible," and noted that he seemed to be an "ideal person" for relief for removal. However, the IJ found that, under Board of Immigration Appeals ("BIA") precedent, Carrillo had not shown removal to Mexico would amount to an "exceptional and extremely unusual hardship" to his children. The IJ noted, among other things, that Carrillo's children spoke Spanish, and that he had family members in Mexico.

The BIA agreed that Carrillo did not demonstrate that his removal would cause the requisite hardship. Accordingly, it dismissed his appeal on December 9, 2011. The BIA also denied his motion for reconsideration on July 18, 2012.

Carrillo filed this petition for review on August 13, 2012, along with a motion to stay removal pending this court's resolution of the petition.

Carrillo's children's plight is sympathetic, but we lack jurisdiction to consider Carrillo's claims relating to the removal order. The BIA issued the order on December 9, 2011; Carrillo did not file a petition for review until August 13, 2013. A "petition for review must be filed not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). A timely petition for review is a jurisdictional requirement, and the lack thereof deprives this court of jurisdiction to review a decision of the BIA. *See Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 676 (5th Cir. 2003). The filing of a motion for reconsideration does not toll the statutory time in which to appeal the BIA's underlying decision. *See Stone v. INS*, 514 U.S. 386, 405-06 (1995) (observing that the finality of a deportation order "is not affected by the subsequent filing of a motion to reconsider"). Given that Carrillo's petition was not filed within thirty days of the

No. 12-60641

BIA's removal order, and that Carrillo's motion for reconsideration did not toll the statutory time in which to appeal this order, Carrillo's petition for review is untimely. *See id.* Accordingly, we lack jurisdiction to review any arguments he makes relative to that decision. *See id.*

Although we may review "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D); *see Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007), in doing so, we look past the petitioner's framing of an issue, and decline to consider "an abuse of discretion argument cloaked in constitutional garb." *Hadwani v. Gonzales*, 445 F.3d 798, 801 (5th Cir. 2006) (per curiam) (internal quotation marks, citation, and alteration omitted). Carrillo's argument that the IJ and BIA improperly weighed the factors underlying the discretionary hardship determination challenges only their evaluation of the evidence, and does not raise constitutional claims or questions of law. *See Sung*, 505 F.3d at 377 (noting that the petitioner's contention that "the IJ did not consider all the relevant factors in determining whether [the petitioner's] children would not suffer the requisite hardship" does not "involve a constitutional claim or a question of law"); *Rodriguez v. Ashcroft*, 253 F.3d 797, 800 (5th Cir. 2001) ("It is axiomatic that if we are divested of jurisdiction to review an original determination by the Board that an alien has failed to establish that he would suffer extreme hardship if deported, we must also be divested of jurisdiction to review the Board's denial of a motion to reopen on the ground that the alien has still failed to establish such hardship."). Accordingly, "this court does not have jurisdiction to review this claim." *Sung*, 505 F.3d at 377.

Finally, Carrillo's claim that the IJ erroneously concluded that his I-140 petition precluded him from seeking cancellation of removal was not raised in either his direct appeal or motion for reconsideration before the BIA. Consequently, we lack jurisdiction to consider this issue in the instant petition for review. *See* 8 U.S.C. § 1252(d)(1); *Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001).

No. 12-60641

Accordingly, Carrillo's petition for review is DISMISSED for lack of jurisdiction. His motion for a stay of removal is DENIED.