# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60564
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 12, 2015

Lyle W. Cayce
Clerk

CESAR ALDERETE-RUBIO,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petitions for Review of Orders of the
Board of Immigration Appeals
BIA No. A076 817 126

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Cesar Alderete-Rubio, a native and citizen of Mexico, presents two petitions for review of the decisions by the Board of Immigration Appeals (BIA). Regarding those petitions, he challenges:  the denial of his applications for cancellation of removal and voluntary departure, pursuant to 8 U.S.C. §§ 1229b(b)(1) and 1229c(b), respectively; and the denial of his motion to reopen

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

(despite raising it in his second petition, he does not challenge the denial of his motion for reconsideration.)

Alderete conceded removability.   We lack jurisdiction to review an immigration court's discretionary denial of an application for cancellation of removal.   *Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007); 8 U.S.C. § 1252(a)(2)(B)(i).   Similarly, we are barred from reviewing denials of voluntary departure.   *Sattani v. Holder*, 749 F.3d 368, 372–73 (5th Cir. 2014); 8 U.S.C. §§ 1229c(f), 1252(a)(2)(B)(i).   We are not precluded, however, from "review[ing] constitutional claims and questions of law associated with [a] claim for discretionary relief".   *Garcia-Maldonado v. Gonzales,* 491 F.3d 284, 287 (5th Cir. 2007); 8 U.S.C. § 1252(a)(2)(D).   Therefore, the relevant inquiry is whether Alderete presents a constitutional claim or question of law sufficient to confer jurisdiction.

Alderete's contention the immigration judge (IJ) and BIA failed to consider all the factors in support of cancellation of removal is neither a constitutional claim nor question of law establishing jurisdiction.   *See Sung*, 505 F.3d at 377; *see also Sattani*, 749 F.3d at 372 (claim that the IJ did not consider all of the hardship factors "falls squarely within the jurisdictional bar").   Because there is no constitutionally protected interest in obtaining discretionary relief in the form of cancellation of removal, denial of such relief cannot form the basis of a constitutional claim.   *See Sattani*, 749 F.3d at 372; *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004) ("the failure to receive relief that is purely discretionary in nature does not amount" to a violation of the Fifth Amendment's due process clause).

Along that line, Alderete fails to present any constitutional or legal questions concerning the denial of his application for voluntary departure. Alderete challenges the IJ's determination he would not comply with an order

of voluntary departure based on his extensive history of illegal reentries, and contends the IJ failed to consider factors in his favor.  Mere challenges to the IJ's exercise of discretion, however, are not constitutional or legal questions. *See Sattani*, 749 F.3d at 373.  Furthermore, to the extent Alderete presents a due-process challenge, an alien has no liberty interest, protected by the Fifth Amendment's due-process clause, in discretionary relief.  *See id.* at 372; *Assaad*, 378 F.3d at 475.

Alderete maintains the BIA abused its discretion by failing to grant his motion to reopen his proceedings to consider new evidence.  "[W]here a final order of removal is shielded from judicial review by a provision in § 1252(a)(2), so, too, is [the] refusal to reopen that order." *Assaad*, 378 F.3d at 474 (internal quotation marks and citation omitted); *see also Rodriguez v. Ashcroft,* 253 F.3d 797, 799–800 (5th Cir. 2001) (provision prohibiting review of discretionary decisions also precludes review of motion to reopen on the same grounds).  For the reasons stated, Alderete does not raise any constitutional claims or questions of law arising from the BIA's denial of his motion to reopen, therefore, we lack jurisdiction to review that decision.  *See Assaad*, 378 F.3d at 474.  Finally, and as noted *supra*, Alderete does not contest the BIA's denial of his motion to reconsider; therefore, he has waived any challenge to that ruling. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

PETITIONS DISMISSED.