# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60332
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 17, 2016

Lyle W. Cayce
Clerk

ALBA MENDOZA-CORTEZ,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 797 971

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Alba Mendoza-Cortez, a native and citizen of El Salvador, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing her appeal of the denial of her motion to reopen her removal proceedings. She argues that the Immigration Judge (IJ) and the BIA erred in relying on the Form I-213 to establish her removability because it was inaccurate and that the IJ erred in accepting admissions from her because she

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60332

was an unaccompanied 17-year-old minor.  She also asserts the IJ and BIA erred in finding her motion was untimely and in failing to consider whether she exercised due diligence in filing the motion.

The Government moves for summary disposition, arguing that the BIA did not abuse its discretion in denying Mendoza-Cortez's motion because she received proper notice of the removal proceedings and her motion to reopen was untimely.  She responded that the BIA abused its discretion when it found that she received proper notice and that her motion was untimely and when it failed to consider her argument that she exercised due diligence in filing the motion.

The BIA did not abuse its discretion in finding that Mendoza-Cortez was properly served with the notice to appear.  *See Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014).  The record reflects that Mendoza-Cortez was personally served with the notice to appear, which included the date, time, and place of the removal hearing and was also advised in Spanish of the consequences of failure to appear at the hearing.  Her argument that service was not proper because she was 17 years of age at the time lacks merit.  *See Lopez-Dubon v. Holder*, 609 F.3d 642, 646 (5th Cir. 2010).

Further, the BIA did not abuse its discretion in finding that her motion to reopen was untimely.  *See Barrios-Cantarero*, 772 F.3d at 1021.  Under 8 U.S.C. § 1229a(b)(5)(C)(i), a motion to reopen based on extraordinary circumstances must be filed within 180 days of the order of removal.  Because Mendoza-Cortez's motion was filed over six years after the date of the removal order, it was not timely filed.  *See* § 1229a(b)(5)(C)(i).

Even if the time period for filing a motion to reopen may be equitably tolled, Mendoza-Cortez has not demonstrated that she would be entitled to equitable tolling because she has not shown that she acted with due diligence.

No. 15-60332

Given that Mendoza-Cortez was personally served with the notice to appear and was advised in Spanish of the consequences of failure to appear at the hearing, her argument that she was unaware of the removal proceedings or the removal order lacks merit. Mendoza-Cortez has not shown that she exercised due diligence in pursuing her rights or that an extraordinary circumstance stood in her way and prevented her from filing a motion to reopen. *See, e.g., Holland v. Florida*, 560 U.S. 631, 649 (2010); *Amali v. Gonzales*, 235 F. App'x 212, 213 (5th Cir. 2007).

The motion for summary disposition is GRANTED, and the petition for review is DENIED.