# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60017
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 22, 2019

Lyle W. Cayce
Clerk

CARLOS ENRIQUE VELASCO-FLORES,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 539 094

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Carlos Enrique Velasco-Flores, a native and citizen of El Salvador, has petitioned for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of the Immigration Judge (IJ) denying his motion to reconsider a motion to reopen his removal proceedings sua sponte. The BIA concluded that the IJ's order, which did not reflect any factual or legal

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

errors, was an appropriate exercise of the IJ's discretionary authority to refuse to reopen the proceedings sua sponte.

Velasco-Flores contends that the IJ and BIA wrongly determined that he had relief available to him aside from reopening the removal proceedings sua sponte, i.e., Velasco-Flores could seek an I-601A provisional unlawful presence waiver by filing, and obtaining conditional approval of, an I-212 application for consent to reapply for admission. He notes that he was ordered to be removed in absentia and, thus, would be subject to a five-year bar on admissibility if he were granted such relief. Velasco-Flores contends that the failure of the IJ and the BIA to consider that he would be subject to the bar – and thereby be unable to obtain his desired relief of remaining in the country – was legal error. Also, he contends that the IJ and BIA treated the availability of alternative relief as determinative and did not properly evaluate whether he identified exceptional circumstances that justified reopening the proceedings.

The record establishes that Velasco-Flores's motion to reopen – and the resulting proceedings to reconsider the disposition of that motion – concerned a regulatory motion to reopen. *See Lugo-Resendez v. Lynch*, 831 F.3d 337, 340-41 (5th Cir. 2016); 8 C.F.R. § 1003.23(b). We do not have jurisdiction to review the disposition of such a motion. *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 206 (5th Cir. 2017). Because this court lacks jurisdiction to review the discretionary decision in this case, we equally lack jurisdiction to review the denial of a motion to reconsider that discretionary decision. *See Assaad v. Ashcroft*, 378 F.3d 471, 474 (5th Cir. 2004); *Rodriguez v. Ashcroft*, 253 F.3d 797, 800 (5th Cir. 2001). To the extent that this court otherwise would have jurisdiction to review constitutional claims and questions of law in this context, Velasco-Flores has not shown that his claims implicate constitutional or legal rulings. Rather, his claims address the equities that he believes merit the

reopening of the removal proceedings, and we lack jurisdiction to review those arguments because they bear on discretionary determinations. *See Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007); *Delgado-Reynua v. Gonzales*, 450 F.3d 596, 599-600 (5th Cir. 2006).

Accordingly, the petition for review is DISMISSED for lack of jurisdiction.