# In re Jaime Cesar PEREZ, Respondent

## File A90 751 109 - Huntsville

*Decided June 6, 2000*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The offense of burglary of a vehicle in violation of section 30.04(a) of the Texas Penal Code Annotated is not a "burglary offense" within the definition of an aggravated felony in section 101(a)(43)(G) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(G) (Supp. IV 1998).

Pro se

Charlotte K. Lang, Assistant District Counsel, for the Immigration and Naturalization Service

Before: Board En Banc: SCHMIDT, Chairman; DUNNE, Vice Chairman; SCIALABBA, Vice Chairman; VACCA, HEILMAN, HOLMES, HURWITZ, VILLAGELIU, FILPPU, COLE, ROSENBERG, MATHON, GUENDELSBERGER, JONES, GRANT, MOSCATO, and MILLER, Board Members.

SCHMIDT, Chairman:

This is a timely appeal from an Immigration Judge's October 26, 1999, decision finding the respondent removable as an alien convicted of an aggravated felony under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (Supp. IV 1998). We will sustain the appeal and terminate removal proceedings.

## I. ISSUE

The issue in this case is whether burglary of a vehicle under Texas state law is a "burglary offense" within the definition of an aggravated felony set forth in section 101(a)(43)(G) of the Act, 8 U.S.C. § 1101(a)(43)(G) (Supp. IV 1998). We hold that it is not.

## II. BACKGROUND

The respondent was charged with removability from the United States as an alien convicted of an aggravated felony as defined in section 101(a)(43)(G) of the Act. At a hearing before the Immigration Judge, the unrepresented respondent admitted that he had been convicted of burglary of a vehicle in violation of section 30.04(a) of the Texas Penal Code Annotated. That section provided as follows:

> A person commits an offense if, without the effective consent of the owner, he breaks into or enters a vehicle or any part of a vehicle with intent to commit any felony or theft.

Tex. Penal Code Ann. § 30.04(a) (West 1993). The only other evidence in the record of the respondent's conviction is a certified "commitment print-out" that provides no details concerning the circumstances surrounding the conviction.

The Immigration Judge found the respondent removable as an alien convicted of committing a burglary offense within the meaning of section 101(a)(43)(G) of the Act. On appeal, the respondent asserts, inter alia, that his burglary offense is not one of "aggravated involvement." We construe this as a challenge to the Immigration Judge's finding that the respondent's vehicle burglary conviction is for an aggravated felony. The appellate brief of the Immigration and Naturalization Service does not elaborate on its legal theory of removability. Upon consideration, we find that the respondent was not convicted of an aggravated felony.

## III. FEDERAL BURGLARY OFFENSE

Generally, we apply a federal standard in determining whether a state offense fits within the aggravated felony definition. *See, e.g., Matter of Rodriguez-Rodriguez*, 22 I&N Dec. 991 (BIA 1999). In the absence of a definition of the term "burglary offense" in the Act, or some other clear expression of congressional intent, our logical starting point is the definition of a burglary set forth by the United States Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990). *See Matter of Rodriguez-Rodriguez*, *supra* (citing the *Taylor* definition with approval).

*Taylor v. United States* was a sentence enhancement case presenting a similar undefined use by Congress of the term "burglary." The Court rejected the notion that Congress intended burglary to mean whatever offense has been labeled as burglary by the state in which the conviction occurred. *Taylor v. United States*, *supra*, at 590-92. The Court also rejected the contention that burglary should be presumed to have its "common-law meaning." *Id*. at 594.

Instead, the Court adopted a generic definition that embodied the modern use of the term in most state criminal codes and approximated the usage in the Model Penal Code. *Taylor v. United States*, *supra*, at 598. Under that definition, the basic elements of burglary are unlawful or unprivileged entry into, or remaining in, a building or other structure with the intent to commit a crime. *Id.* At least two federal courts of appeals, including the United States Court of Appeals for the Fifth Circuit, where this case arises, have adopted the *Taylor* definition in interpreting the term "burglary offense" under section 101(a)(43)(G) of the Act. *Lopez-Elias v. Reno*, 209 F.3d 788 (5th Cir. 2000); *Solarzano–Patlan v. INS*, 207 F.3d 869 (7th Cir. 2000).

In section 101(a)(43)(G) of the Act, Congress did not make reference to a particular federal statute defining a burglary offense. In this context, although a state definition of burglary is not necessarily irrelevant,  including burglary of a vehicle in the definition of a burglary offense would be inconsistent with the concept of burglary articulated in (1) the common law, (2) the generic federal definition in *Taylor*, (3) the Model Penal Code, and (4) the laws of many states. *See Taylor v. United States, supra*, at 598; Model Penal Code §§ 221.0, 221.1 (1998).  Therefore, it seems safe to say that whatever the contours of a "burglary offense" under section 101(a)(43)(G) might be, they do not include burglary of a vehicle.

The question of the precise scope of the term "burglary offense" under section 101(a)(43)(G) has been neither adequately developed nor fully argued in this appeal. Here, we simply hold that burglary of a vehicle under this particular Texas statute is not a burglary offense under section 101(a)(43)(G).

## IV. CONCLUSION

We hold that this respondent's conviction for burglary of a vehicle, in violation of section 30.04(a) of the Texas Penal Code Annotated, is not a conviction for an aggravated felony burglary offense under section 101(a)(43)(G) of the Act. We will therefore sustain the appeal and terminate removal proceedings.

**ORDER:** The appeal is sustained and removal proceedings are terminated.