**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 11, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-60962
Summary Calendar

ANGELICA PANOVA-BOHANNAN,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
(BIA No. A77-802-997)
--------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

Petitioner Angelica Panova-Bohannan ("Panova"), a native and citizen of Uzbekistan, petitions this court for review of the Board of Immigration Appeal's ("BIA") affirmance of the Immigration Judge's ("IJ") final order of removal. Panova concedes that she is removable but argues that the IJ erred in denying her contested motion to terminate the removal proceedings to allow her to apply for an adjustment of status.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On a petition for review of a BIA decision, we review factual findings for substantial evidence and questions of law *de novo*. Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444 (5th Cir. 2001). "We accord deference to the BIA's interpretation of immigration statutes unless the record reveals compelling evidence that the BIA's interpretation is incorrect." Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997). Under this standard, we shall not substitute our judgment for that of the BIA, but we must reject any interpretation by the BIA that is arbitrary, capricious, or manifestly contrary to a statute. Chevron, U.S.A., Inc. v. Natural Resources Defense Council, 467 U.S. 837, 844 (1984). We generally review the decision of the BIA, but when, as here, the BIA adopts the IJ's decision without opinion, we review the decision of the IJ. Mikhael, 115 F.3d at 302.

The BIA has consistently held that "so long as the enforcement officials of the Service choose to initiate proceedings against an alien and to prosecute those proceedings to a conclusion, the immigration judge and the Board must order deportation if the evidence supports a finding of deportability on the ground charged." In re Yazdani, 17 I. & N. Dec. 626, 630 (BIA 1981); see also In re Singh, 21 I. & N. Dec. 427, 435 (BIA 1996); In re Wong, 13 I. & N. Dec. 701, 703 (BIA 1971). Panova's argument to the contrary is without merit. It is true that the BIA terminated removal proceedings after aliens were found to be removable by

immigration judges in the two cases Panova has cited, In re Rodriguez-Ruiz, 22 I. & N. Dec. 1378 (BIA 2000) and In re Perez, 22 I. & N. Dec. 1325 (BIA 2000), but the terminations in those cases were not discretionary. Rather, they were based on BIA determinations that the aliens in question were not, in fact, removable. See id.

Under the ubiquitous Chevron analysis, the BIA's position is entitled to deference. Nothing in the relevant statutes and regulations gives immigration judges or the BIA the discretionary authority to terminate removal proceedings when the alien is determined to be removable on the grounds charged by the INS. See 8 U.S.C. § 1229a; 8 C.F.R. §§ 1003.1-1003.109. Immigration law on this point is mandatory. "At the conclusion of the [removal] proceeding the immigration judge shall decide whether an alien is removable from the United States." 8 U.S.C. § 1229a(c)(1)(A) (emphasis added). The Attorney General is given wide discretion to decide whether to prosecute removal proceedings. See 8 U.S.C. § 1252(g). Immigration regulations give enforcement officials, not immigration judges or the BIA, discretionary authority to terminate removal proceedings or move for the termination of removal proceedings. See 8 C.F.R. § 1239.2; see also 8 C.F.R. § 1239.1. In particular situations, the regulations allow immigration judges to terminate removal proceedings when an alien has a pending naturalization application, but provide that "in every other case, the removal hearing shall be completed as promptly as possible."

3

8 C.F.R. § 1239.2(f). Accordingly, the BIA's position is not arbitrary, capricious, or manifestly contrary to the statute and is entitled to deference. See Lopez-Telles v. INS, 564 F.2d 1302, 1304 (9th Cir. 1977); see also Chevron, 467 U.S. at 844. As the IJ did not have discretionary authority to terminate the removal proceedings against Panova, he did not err in denying her motion to terminate them.

Panova's petition for review is DENIED.