United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 2, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-61090
Summary Calendar

_____

FAIZ RASOOL,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A72-021-932
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Faiz Rasool, a native and citizen of Pakistan, petitions this court for review of the Board of Immigration Appeal's ("BIA") affirmance of the Immigration Judge's ("IJ") final order of removal. While Rasool concedes that he is removable, he argues that the IJ erred in denying his contested motion to terminate the removal proceedings to permit him to pursue his application for adjustment of status with the Immigration and Naturalization Service.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On a petition for review of a BIA decision, we review factual findings for substantial evidence and questions of law *de novo*. Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444 (5th Cir. 2001). "We accord deference to the BIA's interpretation of immigration statutes unless the record reveals compelling evidence that the BIA's interpretation is incorrect." Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997). While we normally only review the decision of the BIA, when, as in this case, the BIA adopts the IJ's decision without opinion, we review the IJ's decision. Id.

The BIA has consistently held that "so long as the enforcement officials of the Service choose to initiate proceedings against an alien and to prosecute those proceedings to a conclusion, the immigration judge and the Board must order deportation if the evidence supports a finding of deportability on the ground charged." In re Yazdani, 17 I. & N. Dec. 626, 630 (BIA 1981); see also In re Singh, 21 I. & N. Dec. 427, 435 (BIA 1996); In re Wong, 13 I. & N. Dec. 701, 703 (BIA 1971). Rasool's argument to the contrary is without merit. As the IJ did not have discretionary authority to terminate the removal proceedings against Rasool, he did not err in denying Rasool's motion to terminate the removal proceedings. See Lopez-Telles v. INS, 564 F.2d 1302, 1304 (9th Cir. 1977); Panova-Bohannan v. Ashcroft, 74 Fed. Appx. 424, 425-26 (5th Cir. 2003)(unpublished).

Rasool also argues that the IJ erred in denying his

application for voluntary departure.  We lack jurisdiction to consider this claim.  8 U.S.C. § 1252(a)(2)(B)(i); See Eyoum v. INS, 125 F.3d 889, 891 (5th Cir. 1997).

Rasool's petition for review is DENIED.