United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 12, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———

No. 06-20800
Summary Calendar

———

STEPHEN M. RYAN, Individually and as for others similarly situated,

Plaintiff - Appellant,

v.

BROOKDALE INTERNATIONAL SYSTEMS INC.; E.I. DUPONT DE NEMOURS & CO.,

Defendants - Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas, Houston
USDC No. 4:06-CV-1819
--------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Stephen Ryan filed suit individually and on behalf of a nationwide class of individuals similarly situated alleging breach of express warranty, breach of implied warranty, and fraud against Defendants-Appellees Brookdale International Systems, Inc. and E.I. du Pont de Nemours and Company (collectively referred to as "Appellees"). These claims arise from the purchase of Emergency Escape Smoke Hoods, manufactured by Appellees, and marketed as a personal air filtration system to be used in fire and smoke emergencies. The product was supposed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

to provide fifteen minutes of protection from soot, smoke and carbon monoxide. Each device could only be used once and there was a shelf life of five or eight years depending on the model.

Ryan purchased three smoke hoods for a total of $199.50 plus $7.50 in shipping. One year later, in cooperation with the U.S. Consumer Product Safety Commission, Appellees voluntarily issued a "Suspend Use" advisory and recalled these devises after discovering that some of the smoke hoods could fail to work properly by exposing the user to carbon monoxide which could compromise their ability to escape the fire threat. Pursuant to the recall, Appellees offered purchasers a prorated refund based on the remaining shelf life of each smoke hood. Ryan claims he is entitled to a full refund plus shipping since he never received a benefit from the product and because the product sold by the Appellees was "useless."

The district court found that Ryan lacked standing to bring his claims and dismissed the case. The court cited *Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315 (5th Cir. 2002), to support its finding that Ryan had suffered no injury in fact. Ryan timely appeals.

Standing is a question of law that we review de novo. *Rivera*, 283 F.3d at 319. "To establish an injury in fact, plaintiffs must demonstrate 'an invasion of a legally protected interest which is. . . concrete and particularized.'" *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Ryan never used his smoke hoods, so there is no allegation of injuries arising from any defects in the product; in fact it is unknown if his smoke hoods were in fact defective and would not have functioned properly. Instead, Ryan's only allegation of injury is the money he spent to purchase and ship the product.

In *Rivera*, the plaintiffs had purchased and used a pain relieving drug that was later recalled due to adverse side effects. *Rivera*, 283 F.3d at 317. The plaintiffs

2

alleged the manufacturers failed to warn of the dangers of the drug and that the drug was defective. *Id.* We held that because the plaintiffs had not suffered from any of the side effects, they had suffered no injury and had no standing for their product liability claims. *See id.* at 320-21.

Like Ryan, the plaintiffs in *Rivera* were not injured by the product. The court in *Rivera* noted that the plaintiffs' best argument for an injury in fact was that they were denied "the benefit of the bargain" due to them "under general, contract law type principles." *Id.* at 320. The problem was that the plaintiffs did not allege a breach of contract, opting instead for the no-injury product liability claims. *Id.* We further explained,

> The confusion arises from the plaintiffs' attempt to recast their product liability claim in the language of contract law. The wrongs they allege – failure to warn and sale of a defective product – are products liability claims. Yet, the damages they assert – benefit of the bargain, out of pocket expenditures – are contract law damages. The plaintiffs apparently believe that if they keep oscillating between tort and contract law claims, they can obscure the fact that they have asserted no concrete injury. Such artful pleading, however, is not enough to create an injury in fact.

*Id.* at 320-21 (citation omitted).

Like the plaintiffs in *Rivera*, Ryan's best argument for an injury in fact is that he received no benefit of the bargain from his smoke hoods and that he lost money in purchasing them. Ryan, however, faces the same problem as the plaintiffs in *Rivera* because he has based his suit on a no-injury product liability claim instead of a breach of contract claim. Therefore we agree with the district court that Ryan has not showed an injury in fact as to his claims for breach of express and implied warranties, and thus has no standing regarding these claims.

In Ryan's complaint, he also alleges fraud. If there is sufficient evidence to support this claim, he would have standing as a consumer and purchaser of this product. Because the court dismissed the entire case for lack of standing, it did not

reach the merits of the defendants' motion to dismiss regarding the fraud claim. Therefore we partially affirm the court's dismissal of the case as it applies to the breach of express and implied warranties. However we remand Ryan's claim for fraud for further consideration.

AFFIRMED IN PART, REMANDED IN PART.