Erika **PEREZ–MACEDO**, Petitioner

v.

**Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.**

**No. 10–60080**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 20, 2010.

Mario Caballero, Esq., Caballero Law Office, Houston, TX, for Petitioner.

Ann M. Welhaf, Tangerlia Cox, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Erika Perez–Macedo, a native and citizen of Mexico, has filed a petition for review from the decision of the Board of Immigration Appeals (BIA) denying her motion to reopen. She contends that the BIA erred in determining that she did not receive ineffective assistance of counsel with respect to her application for cancellation of removal. According to Perez–Macedo, her ineffective assistance claim was cognizable because she had a due process right under the Fifth Amendment to a fair hearing in her immigration proceedings.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"[D]iscretionary relief from removal ... is not a liberty or property right that requires due process protection." *Ahmed v. Gonzales,* 447 F.3d 433, 440 (5th Cir. 2006); *accord Assaad v. Ashcroft,* 378 F.3d 471, 475 (5th Cir.2004). "[W]hen there is no due process right to the ultimate relief sought, there is no due process right to effective assistance of counsel in pursuit of that relief." *Gutierrez–Morales v. Homan,* 461 F.3d 605, 609 (5th Cir.2006). Because cancellation of removal is a form of discretionary relief from removal, *see* 8 U.S.C. § 1229b; *Nieto Hernandez v. Holder,* 592 F.3d 681, 683 (5th Cir.2009), Perez–Macedo cannot establish a due process claim for ineffective assistance of counsel in pursuing that relief. *See Gutierrez–Morales,* 461 F.3d at 609.

The petition for review is DENIED.