# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 12, 2020

Lyle W. Cayce
Clerk

No. 19-60131

Jose Faudoa-Gonzalez,

*Petitioner*,

*versus*

William P. Barr, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A097 683 522

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:*

An immigration judge (IJ) ordered Jose Faudoa-Gonzalez, a native and citizen of Mexico, removed after denying his requests for continuance, administrative closure, and termination. Faudoa appealed to the Board of Immigration Appeals (BIA), asserting the IJ erred by denying him a continuance, or alternatively, administrative closure. The BIA dismissed

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Faudoa's appeal, concluding that *Matter of Castro-Tum*, 27 I&N Dec. 271 (Att'y Gen. 2018), foreclosed his request for administrative closure and *Matter of L-A-B-R-*, 27 I&N Dec. 405 (Att'y Gen. 2018), precluded him from establishing good cause for continuance. Faudoa now petitions this court for review of the BIA's dismissal. Because the BIA abused its discretion in retroactively applying *Castro-Tum*, but not in applying *L-A-B-R-*, we grant in part and deny in part Faudoa's petition for review.

## I.

Faudoa arrived in the United States in December 2010 without inspection. In April 2016, the Department of Homeland Security (DHS) charged Faudoa with being removable under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA). *See* 8 U.S.C. § 1182(a)(6)(A)(i). At his first hearing, Faudoa admitted the allegations set forth by DHS and conceded his removability. Although Faudoa did not apply for relief, Laura Robles, Faudoa's wife and a United States citizen, filed an I-130 "Petition for Alien Relative" on Faudoa's behalf.[1]

Over the next 18 months, the immigration court continued Faudoa's removal proceedings six times. Of the six continuances, the court granted three at Faudoa's request, pending the adjudication of Robles's I-130 application. Robles's I-130 petition was approved on July 21, 2017. Nonetheless, on November 2, 2017, Faudoa moved for a fourth continuance.

In his fourth motion, Faudoa requested a continuance until August 2018. According to Faudoa, this continuance would allow the National Visa Center (NVC) time to process the approved I-130 petition and would give United States Citizenship and Immigration Services (USCIS) time to

---

[1] According to Laura Robles's petition, Robles and Faudoa married on September 25, 2012.

No. 19-60131

adjudicate his subsequent I-601A provisional unlawful presence waiver. In the alternative, Faudoa requested that the court administratively close or terminate his case.[2] While DHS did not oppose the continuance of Faudoa's removal proceedings, the agency opposed administrative closure or termination of Faudoa's removal action.

On November 7, 2017, the IJ denied Faudoa's fourth continuance motion, concluding (1) good cause for continuance did not exist, (2) there was no legitimate reason for administrative closure, and (3) Faudoa failed to articulate any legal basis for terminating his case. In denying Faudoa's request for administrative closure, the IJ weighed the factors applicable to Faudoa's case as set forth in *Matter of Avetisyan*, 25 I&N Dec. 688, 696 (BIA 2012). The IJ then explained that because the court could not provide Faudoa with any further relief, Faudoa would have to voluntarily depart the United States or be removed. Faudoa refused voluntary departure, so the IJ ordered his removal. On December 28, 2017, Faudoa appealed the IJ's decision to the BIA.

Before the BIA, Faudoa asserted that the IJ erred by denying him a continuance, or, alternatively, administrative closure. Faudoa argued that the BIA should not retroactively apply the Attorney General's (AG) intervening decisions, *Matter of Castro-Tum*, 27 I&N Dec. 271 (AG 2018), and *Matter of L-A-B-R-*, 27 I&N Dec. 405 (AG 2018), to bar his request for

---

[2] "Administrative closure is a procedural device that temporarily takes a removal case off of an [IJ]'s calendar, preventing it from moving forward." *Morales v. Barr*, 973 F.3d 656, 664 (7th Cir. 2020) (citation omitted). Termination, on the other hand, ends a case. Generally, "[i]mmigration regulations give enforcement officials, not [IJs] or the BIA, discretionary authority to terminate removal proceedings or move for the termination of removal proceedings." *Panova-Bohannan v. Ashcroft*, 74 F. App'x 424, 425 (5th Cir. 2003) (per curiam).

No. 19-60131

continuance or administrative closure.[3]   The BIA disagreed and dismissed Faudoa's appeal.

In its January 31, 2019 dismissal decision, the BIA affirmed the IJ's denial of administrative closure, concluding *Castro-Tum* foreclosed Faudoa's request.  The BIA also affirmed the IJ's denial of continuance for lack of good cause, citing *L-A-B-R-*, 27 I&N Dec. 405, 415–417.  The BIA explained that

> [t]he respondent, who is married to a United States citizen, sought a continuance so that he can begin the process of applying for the necessary waivers of inadmissibility required for him to obtain an immigrant visa . . . . However, the respondent is ineligible to adjust his status in this country under section 245(a) of the Immigration and Nationality Act, 8 U.S.C. § 1255(a), because he is present without having been admitted or inspected and consequently he must leave the United States in order to obtain an immigrant visa.  We therefore affirm the [IJ]'s denial of the respondent's request for a continuance because the respondent is ineligible for any relief from removal in these proceedings. *See Matter of L-A-B-R-*, 27 I&N Dec.405,415–417 (A.G. 2018) (stating that good cause for a continuance does not exist where the potential collateral relief sought will not materially affect the outcome of removal proceedings).

The BIA rejected Faudoa's contention that he would have applied for cancellation of removal if he had known that *Castro-Tum* and *L-A-B-R-* would apply to his claims because Faudoa could not show that he was physically

---

[3] The AG issued *Castro-Tum* on May 17, 2018 and *L-A-B-R-* on August 16, 2018. In *Castro-Tum*, the AG held "that [IJs] and the [BIA] do not have the general authority to suspend indefinitely immigration proceedings by administrative closure."  27 I&N Dec. at 272.  In *L-A-B-R-*, the AG held "that an [IJ] should assess whether good cause supports such a continuance by applying a multifactor analysis, which requires that the [IJ]'s principal focus be on the likelihood that the collateral relief will be granted and will materially affect the outcome of the removal proceedings."  27 I&N Dec. at 406.

No. 19-60131

present in the United States for ten continuous years.[4]  And the BIA rejected Faudoa's contention that he should be granted relief because removal would result in financial hardship to himself and his family.  Finally, the BIA determined that Faudoa waived any argument that the IJ erred in denying his request for termination because he did not identify any such error on appeal. Faudoa now petitions this Court for review, asserting the BIA erred by retroactively applying *Castro-Tum* and *L-A-B-R-*.[5]

## II.

On appeal, we examine only the BIA's decision "unless the IJ's decision has some impact on the BIA's decision." *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009) (citation omitted).  Although the BIA agreed with the IJ's determination here, it did not base its decision on the IJ's opinion. We thus confine our review to the BIA's analysis.

We review the BIA's "factual findings for substantial evidence and conclusions of law de novo." *Avelar-Oliva v. Barr*, 954 F.3d 757, 763 (5th Cir. 2020).   The BIA's affirmance of the IJ's denial of a continuance and administrative closure is examined for abuse of discretion.  *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 208–09 (5th Cir. 2017) (administrative closure); *Masih v. Mukasey*, 536 F.3d 370, 373 (5th Cir. 2008) (continuance).

---

[4] "[C]ancellation of removal is a form of discretionary relief from removal" set forth in 8 U.S.C. § 1229. *Perez-Macedo v. Holder*, 405 F. App'x 828, 829 (5th Cir. 2010) (per curiam).  To be eligible for this relief, which would adjust Faudoa's status to "an alien lawfully admitted for permanent residence," Faudoa would have to meet the requirements set forth in § 1229(b)(1). One of these requirements is "physical[] presen[ce] in the United States for a continuous period of not less than 10 years."  *See* 8 U.S.C. § 1229(b)(1).

[5] Faudoa's alternative request for termination is not at issue on appeal.

No. 19-60131

### III.

To begin, we address standing. The government contends that Faudoa lacks standing to challenge the BIA's retroactive application of *Castro-Tum* because he never received the benefit of administrative closure. We disagree.

Article III limits the power of federal courts to ongoing cases and controversies. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing U.S. CONST. art. III, § 2); *Alwan v. Ashcroft*, 388 F.3d 507, 511 (5th Cir. 2004). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc.*, 136 S. Ct. at 1547. Under this requirement, "throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks and citation omitted).

In contending that Faudoa lacks standing to challenge the BIA's retroactive application of *Castro-Tum*, the government cites *Ryan v. Brookdale, Int'l Sys.*, 230 F. App'x 366, 367–68 (5th Cir. 2007) (per curiam). *Ryan* is a products-liability case involving smoke hoods. *Id.* at 367. There, we concluded the plaintiff lacked standing because he had never used the subject smoke hoods, much less suffered an injury from them. *Id.* at 367–68. But *Ryan* is not comparable to the matter at hand.

Here, the IJ's denial of administrative closure is the root of Faudoa's petition for review. Indeed, Faudoa initially appealed to the BIA, asserting that the IJ erred in ordering him removed rather than granting him a continuance or administrative closure. The BIA affirmed the IJ's denial of administrative closure but did so by retroactively applying *Castro-Tum*, not by adopting the IJ's analysis. Faudoa now asks this court to reverse the BIA's retroactive application of *Castro-Tum* and remand so that the BIA may

address his appeal under *Avetisyan*, the precedent applied by the IJ that controlled prior to *Castro-Tum*.   *See* 8 U.S.C. § 1252(a)(2)(D) (acknowledging court of appeals jurisdiction to address questions of law raised in a petition for review).

Faudoa has standing in this case.  Faudoa's injury, i.e., the IJ's denial of administrative closure, still exists.  Redressability also exists; the IJ's order may be reversed in a decision favorable to Faudoa.  Accordingly, we turn to the merits of Faudoa's petition.

## IV.

Faudoa asserts the BIA erred by retroactively applying *Castro-Tum* and *L-A-B-R-* in dismissing his appeal.  Although we recognize that AG precedents are typically binding upon the BIA, *see Matter of Abdelghany*, 26 I&N Dec. 254, 265 (BIA 2014), we are aware of no rule that allows the BIA "the benefit of retroactivity always and automatically."  *See De Niz Robles v. Lynch*, 803 F.3d 1165, 1173 (10th Cir. 2015) (discussing same).   On the contrary, our precedent on administrative retroactivity instructs that "retroactivity must be balanced against the mischief of producing a result which is contrary to a statutory design or to legal and equitable principles.  *Microcomputer Tech. Inst. v. Riley*, 139 F.3d 1044, 1050 (5th Cir. 1998) (quoting *SEC v. Chenery Corp.*, 332 U.S. 194, 202 (1947)).  "To apply that instruction, this court 'balance[s] the ills of retroactivity against the disadvantages of prospectivity.'"[6]  *Monteon-Camargo v. Barr*, 918 F.3d 423,

---

[6] For example, "in *McDonald v. Watt*, 653 F.2d 1035 (5th Cir. Unit A. Aug. 1981), we examined the extent of the agency's departure from previous interpretation and the reasonableness of the aggrieved party's reliance on one side of the balance, and the statutory or regulatory interest in retroactivity, on the other."  *Microcomputer Tech. Inst.*, 139 F.3d at 1050.  Although other circuits have adopted the five-factor test set forth in *Retail, Wholesale & Dep't Store Union v. N.L.R.B.*, 466 F.2d 380, 390 (D.C. Cir. 1972), we have not done so.  *Id.*

430 (5th Cir. 2019) (quoting *Microcomputer Tech. Inst.*, 139 F.3d at 1050. If the disadvantage of prospectivity "is greater than the ill effect of the retroactive application of a new standard, it is not the type of retroactivity which is condemned by law." *Id.* (quoting *Chenery*, 332 U.S. at 203).

In *Monteon-Camargo*, we considered the BIA's retroactive application of *In re Diaz-Lizarraga*, 26 I&N Dec. 847, 848 (BIA 2016), which altered its interpretation of a "crime of moral turpitude." *Id.* We noted that applying the new definition to Monteon-Camargo's 2007 conviction "contravene[d] basic presumptions about our legislative system" and "would compromise the 'familiar due process considerations of fair notice, reasonable reliance, and settled expectations.'" *Id.* at 430–31 (quoting *Landgraf v. USI Film Prods.*, 511 U.S. 244, 270 (1994)) (cleaned up). Against these grave disadvantages, the Government had failed to offer a single advantage. *Id.* at 431. We thus concluded that the BIA had erred in retroactively applying *Diaz-Lizarraga*. *Id.*

## A.

Turning to the instant case, we first address the BIA's retroactive application of *Castro-Tum*.[7] The BIA retroactively applied *Castro-Tum* to affirm the IJ's denial of Faudoa's request for administrative closure. In *Castro-Tum*, the AG held "that [IJs] and the [BIA] do not have the general authority to suspend indefinitely immigration proceedings by administrative closure." 27 I&N Dec. at 272. This decision overruled the BIA's prior precedential decision *Matter of Avetisyan*, 25 I&N Dec. 688, 690 (BIA 2012), which held that IJs and the BIA had the authority administratively to close a case. *Castro-Tum* was thus a significant departure from prior precedent.

---

[7] Faudoa does not challenge the merits of *Castro-Tum*, and we likewise do not address the validity of *Castro-Tum* in this opinion.

No. 19-60131

Faudoa contends that he relied on prior precedent in choosing his legal strategy of not seeking voluntary departure.  Although the government asserts that this cannot be the case, as Faudoa declined voluntary departure after the IJ had already denied administrative closure, that contention assumes that the BIA would have upheld the IJ's decision under its prior precedent, *Avetisyan*.  We thus conclude that Faudoa justifiably relied on prior precedent in choosing his legal strategy.[8]  "Retroactively applying [*Castro-Tum*] would thus compromise the familiar due process considerations of fair notice, reasonable reliance, and settled expectations." *Monteon-Camargo*, 918 F.3d at 430–31 (quoting *Landgraf*, 511 U.S. at 270) (cleaned up).  On the other hand, the government has presented no disadvantage to applying *Castro-Tum* prospectively, and we can see no harm in this regard.  For these reasons, we conclude the BIA abused its discretion by retroactively applying *Castro-Tum* to affirm the IJ's denial of Faudoa's request for administrative closure.  We therefore grant Faudoa's petition for review of the BIA's retroactive application of *Castro-Tum* and remand with instruction to apply the factors set forth in *Avetisyan*, 25 I&N Dec. 688.

## B.

Next, we address the BIA's retroactive application of *L-A-B-R-*.  The BIA cited *L-A-B-R-*, 27 I&N Dec. at 415–417, in affirming the IJ's denial of

---

[8] Generally, to obtain an unlawful presence waiver, individuals who are in immigration proceedings must have their proceedings administratively closed to proceed. 8 C.F.R. § 212.7(e).  This is clearly what Faudoa was attempting to do.  The government notes that aliens with a final removal order may still obtain an unlawful presence waiver by filing an I-212 request for "permission to reapply for admission" and gaining approval by USCIS under 8 C.F.R. § 212.7(e).  But this would lengthen the requisite process and thus does not change our determination that Faudoa justifiably relied on prior precedent in choosing his legal strategy.

continuance for lack of good cause.  In *L-A-B-R-*, the AG held "that an [IJ] should assess whether good cause supports such a continuance by applying a multifactor analysis, which requires that the [IJ]'s principal focus be on the likelihood that the collateral relief will be granted and will materially affect the outcome of the removal proceedings."  *Id.* at 406.  Unlike *Castro-Tum*, however, *L-A-B-R-* was not a significant departure from prior precedent.

To the contrary, prior BIA decisions are consistent with *L-A-B-R-*. *See, e.g.*, *Matter of Hashmi*, 24 I&N Dec. 785, 790 (BIA 2009) (stating that "a variety of factors may be considered" in determining whether to grant continuance, but "the focus of the inquiry is the apparent ultimate likelihood of success on the [sought collateral relief]").  *L-A-B-R-* thus merely clarified the relevant factors to be considered in determining whether there is good cause for continuance.

In this action specifically, the IJ relied on *Hashmi* in denying Faudoa's motion for continuance for lack of good cause and used virtually the same analysis as the BIA.  Faudoa's assertion that *L-A-B-R-* was a significant departure from previous practice therefore falls flat.  We discern no harm in the BIA's retroactive application of *L-A-B-R-*, and it follows that the BIA did not abuse its discretion in this regard.  Accordingly, we deny Faudoa's petition for review of the BIA's retroactive application of *L-A-B-R-* to affirm the IJ's denial of a continuance.

## V.

For the foregoing reasons, Faudoa's petition for review is GRANTED IN PART, DENIED IN PART, and this action is REMANDED for further proceedings consistent with this opinion.