22-6448-ag
*V-A-K- v. Garland*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of December, two thousand twenty-three.

PRESENT: JON O. NEWMAN,
EUNICE C. LEE,
BETH ROBINSON,
   *Circuit Judges.*

———————————————————

V-A-K-,[1]

   *Petitioner,*

   v.                   22-6448-ag

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

   *Respondent.*

———————————————————

For Petitioner:      MATTHEW L. GUADAGNO, New York, NY.

For Respondent:     CRAIG A. NEWELL, JR., Senior Litigation Counsel, Office of Immigration Litigation (Lindsay B. Glauner, Senior Litigation Counsel, *on the brief*), *for* Brian M. Boynton, Principal Deputy Assistant Attorney

---

[1] The Court previously granted Petitioner's motion to abbreviate his name.

General, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA" or "Board") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition is **DENIED**.

Petitioner, a native and citizen of Ukraine, seeks review of an August 17, 2022 decision of the BIA ordering his removal to Ukraine after reversing a February 11, 2020 decision of an Immigration Judge ("IJ") granting his application for cancellation of removal. *Matter of V-A-K-*, 28 I. & N. Dec. 630 (B.I.A. 2022), *rev'g* No. A076 065 227 (Immigr. Ct. Batavia Feb. 11, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

"Where, as here, the BIA issues a decision independent of the IJ, we review the BIA's decision alone." *Mei Fun Wong v. Holder*, 633 F.3d 64, 68 (2d Cir. 2011). The BIA held that Petitioner's conviction under New York Penal Law ("NYPL") §§ 110.00, 140.25(2) for attempted second-degree burglary was an aggravated felony burglary offense under 8 U.S.C. § 1101(a)(43)(G), (U), barring him from cancellation of removal under 8 U.S.C. § 1229b(a)(3). *Matter of V-A-K-*, 28 I. & N. Dec. at 631–36. Petitioner recognized that established Second Circuit precedent supports the BIA's conclusion that Petitioner's attempted burglary conviction qualifies as an aggravated felony offense. *See* Petitioner's Brief at 2 n.2 (citing *United States v. Evans*, 924 F.3d 21 (2d Cir. 2019). For that reason, Petitioner argues only that the Board's decision created a new rule that was impermissibly applied retroactively to him because it constituted a precedential departure regarding the definition of burglary to include vehicles. Although our jurisdiction here is limited to "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(B)–(D), whether a new rule is impermissibly applied retroactively is a question of

law that we review *de novo*, *see Evangelista v. Ashcroft*, 359 F.3d 145, 154 (2d Cir. 2004).

"When [the Supreme Court] applies a rule of federal law . . . , that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [its] announcement of the rule." *Harper v. Va. Dep't of Tax'n*, 509 U.S. 86, 97 (1993). A law has a disfavored retroactive effect if it "takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past." *Landgraf v. USI Film Prods.*, 511 U.S. 244, 269 (1994) (citation omitted). In determining whether the agency may retroactively apply a rule created through adjudication, we weigh the following factors:

> (1) whether the case is one of first impression, (2) whether the new rule presents an abrupt departure from well-established practice or merely attempts to fill a void in an unsettled area of law, (3) the extent to which the party against whom the new rule is applied relied on the former rule, (4) the degree of the burden which a retroactive order places on a party, and (5) the statutory interest in applying a new rule despite the reliance of a party on the old standard.

*Obeya v. Sessions*, 884 F.3d 442, 445 (2d Cir. 2018) (quoting *Lugo v. Holder*, 783 F.3d 119, 121 (2d Cir. 2015)).

In this case, the BIA did not create and apply a new rule retroactively because it used the controlling, generic federal definition of burglary. In 1990, the Supreme Court held that "[a]lthough the exact formulations vary, the generic, contemporary meaning of burglary contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990). In 2018, the Supreme Court further explained that the generic definition of burglary, as established in *Taylor*, includes burglary of a "vehicle that has been adapted or is customarily used

3

for overnight accommodation." *United States v. Stitt*, 139 S. Ct. 399, 403–04 (2018). In *Stitt*, the Court reasoned that, as stated in *Taylor*, "Congress intended the definition of 'burglary' to reflect 'the generic sense in which the term [was] used in the criminal codes of most States'" in 1986, and by that time, "a majority of state burglary statutes covered vehicles adapted or customarily used for lodging—either explicitly or by defining 'building' or 'structure' to include those vehicles." *Id.* at 406 (alteration in original) (quoting *Taylor*, 495 U.S. at 598).[2]

Petitioner argues that the BIA's holding—that second-degree burglary of a dwelling under NYPL § 140.25(2), including structures and vehicles used as overnight lodging, is categorically generic burglary—is an abrupt departure from the Supreme Court's definition of burglary in *Taylor* and the BIA's decision in *In re Perez*, 22 I. & N. Dec. 1325 (B.I.A. 2000). In *Stitt*, however, the Supreme Court rejected the argument that the generic definition of burglary in *Taylor* did not extend to burglary of vehicles used for overnight lodging, noting that *Taylor* decided only that typical vehicles (i.e., those that had not been modified for lodging) did not meet the generic definition of burglary and had defined generic burglary to reflect the meaning of the term as used in most states' criminal codes at a time when "a majority of state burglary statutes covered vehicles adapted or customarily used for lodging." *Stitt*, 139 S. Ct. at 406. In other words, in *Stitt*, the Court explained its understanding that the generic "burglary" definition had included such adapted vehicles since the Armed Career Criminal Act was passed in 1986. *Id.* at 405–06; *see also Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 313 n.12 (1994) ("[W]hen [the Supreme Court] construes

---

[2] Congress added burglary as an aggravated felony to the Immigration and Nationality Act ("INA") in 1994. *See* Immigration and Nationality Technical Corrections Act of 1994, Pub. L. 103-416, 108 Stat. 4305 (Oct. 25, 1994). This Court, and others, have recognized that the *Taylor* analysis of the generic definition of "burglary" in the context of the Armed Career Criminal Act is analogous to that in the INA. *See Abimbola v. Ashcroft*, 378 F.3d 173, 176 (2d Cir. 2004).

a statute, it is explaining its understanding of what the statute has meant continuously since the date when it became law."); *Torres v. Holder*, 764 F.3d 152, 158–59 (2d Cir. 2014) (concluding that interpretation of aggravated felony provision to include state arson crime was not impermissible retroactive application because the BIA merely "applied [its] determination of what the law had always meant" and "that decision became the controlling interpretation of the law and was entitled to full retroactive effect in all cases still open on direct review, regardless of whether the events predated the decision" (alteration in original) (emphasis, ellipsis, and quotation marks omitted)).

Similarly, the BIA's decision here is not a departure from *Perez*, in which the BIA decided that the Texas statute criminalizing burglary of a vehicle—which occurs "if, without the effective consent of the owner, [a person] breaks into or enters a vehicle or any part of a vehicle with intent to commit any felony or theft"—did not categorically match the generic definition of "burglary" as defined by *Taylor*. 22 I. & N. Dec. at 1326–27 (quoting Tex. Penal Code Ann. § 30.04(a) (West 1993)). The Texas statute involved vehicles only and did not define vehicles to include those modified for overnight accommodation, and thus *Perez* is not applicable here. *Id.*; *see also Stitt*, 139 S. Ct. at 407 (rejecting argument that statutes criminalizing entry into vehicles used for overnight lodging "are analogous to" those statutes criminalizing entry into "any" vehicles).

In sum, here, the BIA applied the Supreme Court's controlling interpretation of generic burglary in a matter of first impression before the BIA and that decision did not constitute a departure from an established rule. Thus, Petitioner's purported "reliance on [such] rule [is] irrelevant," and his retroactivity argument fails. *Obeya*, 884 F.3d at 445. Because Petitioner's attempted second-degree burglary conviction in violation of NYPL §§ 110.00, 140.25(2) is an aggravated felony burglary offense under 8 U.S.C. § 1101(a)(43)(G), (U), he is not eligible for

cancellation of removal.  *See* 8 U.S.C. § 1229b(a)(3) ("The Attorney General may cancel removal . . . if the alien . . . has not been convicted of any aggravated felony.").

For the foregoing reasons, the petition is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court